# In the United States Court of Federal Claims

No. 19-758C
Filed: November 13, 2019
NOT FOR PUBLICATION

| | |
|---|---|
| DAVID RODENBECK, )<br><br>Plaintiff, )<br><br>v. )<br><br>THE UNITED STATES, )<br><br>Defendant. )<br> ) | *Pro se*; RCFC 12(b)(1); Subject-Matter Jurisdiction; 12(b)(6); Failure To State A Claim; Money-Mandating Source Of Law; ERISA. |

*David Rodenbeck*, Dublin, OH, plaintiff *pro se*.

*Lauren S. Moore*, Attorney, *Reginald T. Blades*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Joseph H. Hunt*, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**MEMORANDUM OPINION AND ORDER**

GRIGGSBY, Judge

## I.    INTRODUCTION

Plaintiff *pro se*, David Rodenbeck, brings this action seeking damages pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA"). *See generally* Compl. As relief, plaintiff seeks to recover $200,000 in monetary damages from the United States. *Id.* at 3.

The government has moved to dismiss this matter for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and (b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. For the reasons discussed below, the Court **GRANTS** the government's motion to dismiss and **DISMISSES** the complaint.

7018 1830 0001 4963 6434

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.    Factual Background

In this action, plaintiff seeks to recover monetary damages from the government pursuant to the Employee Retirement Income Security Act of 1974.  *See generally* Compl.

In the complaint, plaintiff alleges that the Greater Georgia Life Insurance Company improperly denied his insurance claim for disability benefits, in violation of Section 502(a)(1)(B) of ERISA.  *Id.* at 2.  Plaintiff also alleges that Greater Georgia Life Insurance Company "purposefully created a Red Herring" by excluding pre-existing conditions and denying his insurance claim because of a pre-existing condition of bipolar disorder.  *Id.*  And so, plaintiff seeks to recover $200,000 in monetary damages from the United States.  *Id.* at 3.

### B.    Procedural History

Plaintiff commenced this action on May 15, 2019.  *See generally* Compl.  On July 22, 2019, the government filed a motion to dismiss this matter pursuant to RCFC 12(b)(1) and (b)(6).  *See generally* Def. Mot.

On August 2, 2019, plaintiff filed a response and opposition to the government's motion to dismiss.  *See generally* Pl. Resp.  On August 8, 2019, the government filed a reply in support of its motion to dismiss.  *See generally* Def. Reply.

The matter having been fully briefed, the Court resolves the pending motion to dismiss.

## III.    LEGAL STANDARDS

### A.    *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*, without the benefit of counsel.  And so, the Court applies the pleading requirements leniently.  *Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 926 n.2 (Fed. Cir. 2013) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)).  When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than to

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the complaint ("Compl.") and the exhibits attached thereto ("Pl. Ex."); the government's motion to dismiss ("Def. Mot."); and plaintiff's response thereto ("Pl. Resp.").  Unless otherwise noted herein, the facts recited are undisputed.

plaintiffs who are represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014). But, there "is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (brackets existing) (internal quotation marks omitted) (quoting *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995)).

While "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). And so, the Court may excuse ambiguities, but not defects, in the complaint. *Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("[T]he leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements.").

### B.     RCFC 12(b)(1)

When deciding a motion to dismiss upon the ground that the Court does not possess subject-matter jurisdiction pursuant to RCFC 12(b)(1), this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also* RCFC 12(b)(1). But, plaintiff bears the burden of establishing subject-matter jurisdiction, and he must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute. . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or

3

> upon any express or implied contract with the United States, or for
> liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act is, however, "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976) (alterations original). And so, to pursue a substantive right against the United States under the Tucker Act, plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)); *see also Martinez v. United States*, 333 F.3d 1295, 1302 (Fed. Cir. 2003). "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher*, 402 F.3d at 1173 (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)).

### C.    RCFC 12(b)(6)

When deciding a motion to dismiss based upon failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(6), this Court must also assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Redondo v. United States*, 542 F. App'x 908, 910 (Fed. Cir. 2013). And so, to survive a motion to dismiss under RCFC 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When the complaint fails to "state a claim to relief that is plausible on its face," the Court must dismiss the complaint. *Iqbal*, 556 U.S. at 678 (citation omitted). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity," and determine whether it is plausible, based upon these facts, to find against the defendant. *Id.* at 678-79 ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

4

## IV.    LEGAL ANALYSIS

The government has moved to dismiss this matter for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(1) and (b)(6), upon the grounds that:  (1)  plaintiff may not pursue a claim against parties other than the United States; (2) plaintiff's claims are not based upon a money-mandating provision of law; (3) and the Court does not possess subject-matter jurisdiction to consider plaintiff's ERISA claim. Def. Mot. at 3-5.  In his response and opposition to the government's motion to dismiss, plaintiff argues that the Court may consider his claims because he has previously raised these claims before the Georgia Department of Insurance and the Government Accountability Office ("GAO").  Pl. Resp. at 1.

For the reasons discussed below, a plain reading of the complaint makes clear that none of plaintiff's claims fall within the Court's limited jurisdiction under the Tucker Act.  And so, the Court **GRANTS** the government's motion to dismiss and **DISMISSES** the complaint.

### A.    The Court Does Not Possess Subject-Matter Jurisdiction To Consider Plaintiff's Claims

#### 1.    The Court May Not Consider Claims Against Parties Other Than The United States

As an initial matter, the Court must dismiss plaintiff's claims against the Georgia Department of Insurance and any other parties other than the United States in this matter.  In the complaint, plaintiff alleges that Greater Georgia Life Insurance Company violated Section 502(a)(1)(B) of the ERISA, when the insurance company denied his insurance claim for disability benefits.  Compl. at 2.  It is well-established that this Court does not possess subject-matter jurisdiction to consider claims against defendants other than the United States.  RCFC 10(a); *see also United States v. Sherwood*, 312 U.S. 584, 588 (1941) (explaining that the United States is the only proper defendant in this Court); *see also Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003); *see Johnson v. United States*, 1331 Fed. Cl. 565, 570 (2017) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)) ("The United States is the only proper defendant in this Court.").  Because plaintiff's claim is brought against Greater Georgia Life Insurance Company, a private party, the Court must dismiss plaintiff's claim for lack of subject-matter jurisdiction.

### 2.    The Court May Not Consider Plaintiff's ERISA Claim

To the extent that plaintiff alleges a claim against the United States based upon ERISA, the Court must also dismiss plaintiff's ERISA claim for lack of subject-matter jurisdiction. In the complaint, plaintiff alleges a violation of Section 502(a)(1)(B) of ERISA. Compl. at 2. But, it is well-established that this Court may not adjudicate claims arising under this statute because ERISA claims fall within the exclusive jurisdiction of the district courts. 29 U.S.C. § 1132(e)(1) (stating that "district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary . . . ."); *see also Blodgett v. United States*, No. 96-5067, 1996 WL 640238, at *2 (Fed. Cir. 1996) ("state courts of competent jurisdiction and district courts have concurrent jurisdiction over ERISA matters"); *Howell v. United States*, 127 Fed. Cl. 775, 788 (2016). Such claims fall within the exclusive jurisdiction of the district courts. *Id.* And so, the Court must dismiss plaintiffs ERISA claim for lack of subject-matter jurisdiction. RCFC 12(b)(1).

Plaintiff also has not identified a money-mandating source of law to establish Tucker Act jurisdiction. *See generally* Compl. To pursue a substantive right against the United States under the Tucker Act, plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)); *see also Martinez v. United States*, 333 F.3d 1295, 1302 (Fed. Cir. 2003). Plaintiff has not done so here. Plaintiff also does not point to any money-mandating provision of law that could otherwise establish jurisdiction under the Tucker Act. *See generally* Compl. And so, the Court must dismiss this matter for lack of subject-matter jurisdiction. RCFC 12(b)(1).

## V.    CONCLUSION

In sum, the most generous reading of the complaint makes clear that the Court does not possess subject-matter jurisdiction to consider any of plaintiff's claims.

And so, for the foregoing reasons, the Court:

1. **GRANTS** the government's motion to dismiss; and

2. **DISMISSES** the complaint.

The Clerk shall enter judgment accordingly.

Each party shall bear its own costs.

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
Judge